## Commonwealth v. Szoka

*Richard C. Brittain, District Attorney,* for Commonwealth.
*John A. Mihalik,* for defendant.

MYERS, *P.J.,* June 8, 1978 — In defendant's omnibus pretrial motion, he asserts a violation of his due process rights, on the theory that he had agreed to cooperate with certain narcotic agents, and that the agents subsequently breached the agreement.

Defendant seeks discovery, inter alia, of (1) the names and addresses of all persons who dealt with defendant while he was cooperating with the Commonwealth; (2) any reports, memoranda, or letters relating to such cooperation; and (3) all reports and memoranda relating to Charles Derr, an alleged co-conspirator of defendant.

The Commonwealth did not supply the above information, which was sought in the discovery application. A hearing was held, and the matter is now ready for disposition by the court.

Discovery of the items in question is governed by Pa.R.Crim.P. 305, which states that matter is discoverable, inter alia, if "its disclosure would be in the interest of justice" or "upon a showing that [the matter] is material to the preparation of the defense, and that the request is reasonable."

In the present case, in view of the allegations in the omnibus motion, it would appear that the information concerning the cooperation agreement would be material to the preparation of the defense. The problem, however, is that the two narcotic agents involved in this case testified that they have no knowledge of any such cooperation agreements.

The two agents testified as to their knowledge of the extent of defendant's cooperation with them in the instant case. The agents also stated that defendant may have cooperated with narcotic officers in the Allentown area. However, the two agents related that they had no personal knowledge concerning the investigation in Allentown, since it involved crimes totally unrelated to the present case.

The issue, then, is whether under the circumstances of the instant case, the Commonwealth has a duty to investigate, for defendant's benefit, the nature of defendant's activities in another part of the state, involving crimes having no apparent connection to this case.

We conclude that Commonwealth has no obligation to perform these investigative services for defendant.

Since Rule 305 was adopted only a few months ago, there are not yet any appellate cases to guide us in interpreting the standards for discretionary discovery. We believe, however, that defendant is seeking to discover information which is too tangential and remote, and which has no direct bearing on the present case.

Under the circumstances, we conclude that defendant's request is unreasonable, and that the Commonwealth need not respond to items L and M in the discovery application.

With respect to items I and N, the two agents testified that they possessed only limited knowledge of the conspiracy involving Charles Derr. The agents described what they knew about the conspiracy.

The Commonwealth has therefore provided adequate response to items I and N, and need not respond further.

## ORDER

And now, June 8, 1978, defendant's application for discovery as to items I, L, M, and N are denied.